**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4115**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

DWIGHT WILLIAM MARTIN,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00221-TDS-1)

_____

Submitted: July 30, 2012          Decided: August 2, 2012

_____

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark Everette Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight William Martin was originally sentenced to 160 months for: possession with intent to distribute Oxycodone, 21 U.S.C. § 841(a)(1) (2006) (Count One); possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Count Four); and possession of a stolen firearm, 18 U.S.C. § 922(j) (2006) (Count Five). We vacated the sentence and remanded to the district court for consideration of the impact of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), on Martin's sentence. On remand, the district court granted the United States' motion to dismiss Count Four. Martin was resentenced on the remaining two counts to concurrent twenty-eight-month sentences and a three-year term of supervised release.

Martin appeals. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the term of supervised release is unreasonable but stating that there are no meritorious issues for review. Martin was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

I

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S.

2

38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). We first decide whether the district court correctly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, we then review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575.

Because Martin did not contend in the district court that the term of supervised release was unreasonable, our review of the claim is for plain error. Id. at 577. To establish plain error, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. Even if these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks omitted).

For the drug offense, Martin was statutorily subject to a supervised release term of "at least three years." See 21

3

U.S.C. § 841(b)(1)(C) (2006). Because the § 922(j) offense was a Class C felony, see 18 U.S.C. § 924(a)(2) (2006), 18 U.S.C. § 3559(a)(3) (2006), Martin was subject to a supervised release term of "not more than three years." See 18 U.S.C. § 3583(b)(2) (2006). Martin acknowledged in his plea agreement that these were the applicable supervised release terms.

The drug offense also was a Class C felony. Under the Guideline in effect at the time, the recommended term of supervised release for Class C felonies was at least two years but not more than three years. See U.S. Sentencing Guidelines Manual § 5D1.2(a)(2) (2008).

We conclude that the three-year term of supervised release is procedurally and substantively reasonable. It falls within the properly calculated Guidelines range. The district court considered the applicable 18 U.S.C. § 3553(a) sentencing factors, see 18 U.S.C. § 3583(c) (2006), as well as the arguments presented at sentencing. The court sufficiently explained the chosen sentence.[*] Martin has not rebutted the presumption that his within-Guidelines sentence is reasonable.

---

[*] In imposing sentence, the court remarked on Martin's possession of two firearms in connection with his drug dealing, his having been convicted of eluding arrest, and the need to both protect the public and to deter criminal behavior.

4

See <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008). There was no plain error.


                                    II

        In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm.  This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review.  If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Martin.

        We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.


                                                        <u>AFFIRMED</u>